# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ORLANDO CORTES RIVERA,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO. 1:09-0888** |
| **v.** | : | **(RAMBO, D.J.)** |
| | | **(MANNION, M.J.)** |
| **FRANKLIN J. TENNIS, *et al.*,** | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION[1]

Pending before the court are five separate motions to dismiss. The first motion is on behalf of defendants Burke, Zelznick and Ishler, employees of the Pennsylvania Board of Probation and Parole ("Parole Defendants"). (Doc. No. 88). The second motion is on behalf of defendant Symons. (Doc. No. 99). The third motion is on behalf of defendants Tennis, Eaton, Dale, Vance, Wagner, Foose, Williams, Italia, Kotzur, Myers, Boone, Koehle, Oliver, Rocca and Kuhn ("Corrections Defendants"). (Doc. No. 101). The fourth motion is on behalf of defendant Sucigell, (Doc. No. 209), and the fifth motion is on behalf of defendants Thompson, Senko and Pensiero, (Doc. No. 213). For the reasons set forth below, the court will recommend that defendants Symons,

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

Sucigell, Thompson, Senko, Pensiero and the Parole Defendants' motions be **GRANTED**, and that the Corrections Defendants motion be **GRANTED** in part and **DENIED** in part.

## I.      FACTS AND PROCEDURAL BACKGROUND

Plaintiff Orlando Cortes Rivera is an inmate presently confined at the State Correctional Institution at Rockview in Bellefonte, Pennsylvania ("SCI-Rockview"). (Doc. No. 74 at 4). On April 27, 2008, during his incarceration at SCI-Rockview, plaintiff alleges he was beaten up by two other inmates, and as a result he sustained injuries[2]. *Id.* More specifically, plaintiff alleges that (1) defendant Wagner gave false information to inmates that he was a snitch for the Department of Corrections which resulted in the alleged beating[3], (2) defendant Eaton failed to protect him from the beating by the inmates[4], and

_____

[2] Plaintiff fails to state what the alleged injuries are.

[3] He also alleges these inmates threatened to kill him. The court further notes that it is not entirely clear if plaintiff's allegations against defendant Wagner resulted in the April 27, 2008 incident, or if there were other times he was beat up prior to the commencement of this action.

[4] He also alleges that defendant Eaton (1) gave him illegal documents that he was forced, via threats, into signing, (2) gave false reports when defendant Tennis requested he investigate plaintiff's claims, (3) made illegal threats and lied, and (5) covered up for both the medical department and parole. (Doc. No. 74 at 12).

that (3) he was allegedly locked up by defendant Dale, after the incident, because he could not recall what happened to him. *Id.* at 12.

Moreover, plaintiff primarily complains that he did not receive proper medical care for his injuries following the incident, that the medical records relating to the incident were fabricated, and that he was verbally harassed by the medical staff at SCI-Rockview. *Id.* at 4.

In addition, plaintiff appears to allege that his mail has been tampered with by the staff at SCI-Rockview. More specifically, plaintiff alleges that defendant Vance told him that his legal mail could be opened because he was not a lawyer and as such, he has no rights. *Id.* at 12. Plaintiff also alleges that defendant Vance covers up the illegal activities relating to his mail as well as defendant Eaton's unlawful activities. *Id.*

Based on the foregoing allegations, plaintiff commenced this action by filing a complaint on May 11, 2009. (Doc. No. 1). On June 3, 2009, this court ordered plaintiff to file an amended complaint, and, as such, plaintiff filed his first amended complaint on June 17, 2009. (Doc. No. 18; Doc. No. 22).

On July 24, 2009, the Corrections Defendants filed a motion for a more definite statement of the claims set forth in plaintiff's first amended complaint. (Doc. No. 44). On July 31, 2009, this court granted the Corrections

Defendants' motion because a review of the first amended complaint confirmed the defendants' allegations that the first amended complaint did not comply with the requirements of Rules 8-10, nor with the court's prior order of June 3, 2009. (Doc. No. 48). Within that order, the court included detailed instructions to aid the plaintiff in filing a final acceptable amended complaint. *Id.* Furthermore, within these instructions, the court directed plaintiff that the "amended complaint shall be complete, in and of itself, without reference to any prior filings." *Id.* at ¶2. After having been granted an extension of time, plaintiff filed his second amended complaint on August 26, 2009. (Doc. No. 74). [5]

In the second amended complaint, plaintiff alleges violations of his Eighth Amendment rights, namely denial of medical care and cruel and unusual punishment; his Fourteenth Amendment rights, namely due process violations; and finally, a false imprisonment claim. (Doc. No. 74). By way of relief, plaintiff seeks an unspecified amount of monetary damages and both injunctive and declaratory relief. *Id.*

---

[5] On that same day, plaintiff filed, separately, a memorandum of law and various exhibits in support of his second amended complaint, the operative complaint. (Doc. No. 75). To the extent plaintiff may have set forth additional allegations in that separate filing, the court cannot consider those allegations as plaintiff did not include those allegations in his second amended complaint.

All defendants have filed motions to dismiss accompanied by briefs in support. (Doc. No.'s 88, 89, 99, 101, 119, 123, 208, 209, 213 & 214). As of the date of this report, plaintiff has only filed a brief in opposition to the Parole Defendants' motion. (Doc. No. 93, Doc. No. 98). In accordance with Local Rule 7.6, the remainder of the motions are deemed unopposed. They will, however, be given a merits review in accordance with *Stackhouse v. Mazurkiewicz*, 951 F.2d 29 (3d Cir. 1991), as plaintiff is proceeding *pro se*.

## II.   STANDARDS

### A.  Rule 12(b)(6) Standard of Review

The defendants' motions to dismiss are brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts"

language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not

physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

**B. Standard of Review of Substantive Law Under 42 U.S.C. §1983**

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Section 1983 creates no substantive rights, but rather allows a plaintiff to vindicate violations of rights created by the United States Constitution or federal law. *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979); *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006).

7

### III. LEGAL ANALYSIS

The defendants have set forth various arguments as to why they should generally be dismissed from this action. The court will consider these arguments below.

#### A. Official Capacity Claims

Federal courts cannot consider suits by private parties against states and their agencies unless the state has consented to the filing of such a suit. *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 241 (1985); *Edelman v. Jordan*, 415 U.S. 651, 662 (1974). This immunity extends to suits asserting civil rights violations where the state is named as a defendant. *Laskaris v. Thornburgh*, 661 F.2d 23, 26 (3d Cir.1981). "Under the Eleventh Amendment, a plaintiff other than the United States or a state may not sue a state in federal court without the latter state's consent unless Congress abrogates the state's Eleventh Amendment immunity pursuant to a constitutional provision granting Congress that power." *Chittister v. Dep't of Cmty. & Econ. Dev.*, 226 F.3d 223, 226 (3d Cir.2000). The Commonwealth of Pennsylvania has not waived its rights under the Eleventh Amendment. "By statute Pennsylvania has specifically withheld consent [to be sued]." *Laskaris*, 661 F.2d at 25 (citing PA. CONS. STAT. ANN. §8521(b)). Section 1983 does not "abrogate the

Eleventh Amendment immunity of the States." *Quern v. Jordan*, 440 U.S. 332, 345 (1979); *Galvani v. Pennsylvania*, No. 08-0393, 2008 U.S. Dist. LEXIS 89150, at \*16 (M.D. Pa. Nov. 4, 2008).

Furthermore, an essential element of any claim under § 1983 is that the alleged wrongdoing was committed by a "person." 42 U.S.C. §1983. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989).

Consequently, to the extent plaintiff brings claims against the defendants in their official capacities for monetary damages, the court recommends that the complaint be dismissed. *See Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990) (Eleventh Amendment bars suits for monetary damages by private parties in federal court against a state, stage agencies, or state officials in their official capacities because the state is the real party in interest inasmuch as the plaintiff seeks recovery from the state treasury)(citations omitted).

### B.  Compliance with Rule 10(b)

Defendants Thompson, Pensiero, Senko, Symons and the Corrections Defendants argue that plaintiff's second amended complaint should be dismissed because it fails to comply with the Federal Rules of Civil Procedure,

specifically Rule 10(b),[6] as well as this court's prior order dated July 31, 2009,

(Doc. No. 48). More specifically, defendants argue:

> "The averments in the Second Amended Complaint are not short,
> concise, and direct. . .The averments consist largely of phrases
> and incomplete sentences, and they are presented in narrative
> form with minimal organization and coherence.
>     Rivera's Second Amended Complaint makes it virtually
> impossible to frame an answer to it, and he has been given ample
> opportunity and sufficient instructions to file this initial pleading.
> *See* Documents No. 18, 48. Accordingly, the Second Amended
> Complaint should be dismissed with prejudice."

(Doc. No. 119 at 5).

In an action brought pursuant to 42 U.S.C. §1983 case, a plaintiff need

only satisfy the liberal notice pleading requirement of Rule 8. *Washington v.*

*Grace*, No. 08-3034, 2009 U.S. App. LEXIS 25906, at *4 (3d Cir. Nov. 25,

2009)(citing *Abbott v. Latshaw*, 164 F.3d 141, 149 (3d Cir. 1998). Rule 8(a)

requires a short and plain statement setting forth: (1) the grounds upon which

the court's jurisdiction rests; (2) the claim(s) showing that the pleader is

entitled to relief; and (3) a demand for judgment for the relief sought by the

pleader. See Fed. R. Civ. P. 8, *Washington*, 2009 U.S. App. LEXIS 25906, at

*4 (citations omitted). Courts are to construe complaints so "as to do

---

[6] Rule 10(b) requires that "A party must state its claims or defenses in
numbered paragraphs, each limited as far as practicable to a single set of
circumstances." Fed. R. Civ. P. 10(b).

substantial justice," Fed. R. Civ. P. 8(e), keeping in mind that *pro se* complaints in particular should be construed liberally. *See Washington*, 2009 U.S. App. LEXIS 25906, at \*4 (citing *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003)).

Although the court agrees with defendants, and finds that the second amended complaint may not be clear in all respects, the court does not find that it is wholly unintelligible. Moreover, the argument that the complaint be dismissed because it fails to comply with Fed. R. Civ. P. 10(b) is insufficient. *See Washington*, 2009 U.S. App. LEXIS 25906, at \*4. Given plaintiff's *pro se* status, and the fact that the court finds the second amended complaint meets the minimal notice pleading requirements under Rule 8, the court declines to recommend dismissing plaintiff's second amended complaint for failure to comply with Rule 10(b) or this court's order dated July 31, 2009.

## C. Lack of Personal Involvement

### 1. Defendants Sucigell, Italia, Kotzur, Myers, Koehle, Oliver, Rocca and Kuhn

Defendants Sucigell, Italia, Kotzur, Myers, Koehle, Oliver, Rocca and Kuhn, seek dismissal of the complaint against them on the grounds that plaintiff has not set forth any personal allegations of wrongdoing, and therefore, defendants could not have violated plaintiff's constitutional rights.

The court agrees. A viable section 1983 claim requires allegations of personal involvement on the part of defendants. *See* [*Rhode*, 845 F.2d at 1207](). As plaintiff has failed to set forth any allegations of personal involvement on the part of defendants Sucigell**,** Italia, Kotzur, Myers, Koehle, Oliver, Rocca and Kuhn, the court recommends that these defendants be dismissed from the action.

      2.    Defendant Tennis

Defendant Tennis seeks that the complaint be dismissed against him because the allegations in the complaint fail to establish that he was personally involved in the alleged violations of plaintiff's constitutional rights. The court agrees. Plaintiff's allegations, with respect to defendant Tennis, are that he requested, via written correspondence or grievances, that defendant Tennis speak to the staff at SCI Rockview about the violations of his constitutional rights, and that defendant Tennis failed to do so. As such, it appears plaintiff really takes issue with the unfavorable responses that he received from defendant Tennis with respect to his written correspondence. Thus, the allegations in the complaint really indicate defendant Tennis' lack of action or personal involvement, and not that defendant Tennis was personally involved in the alleged violations of plaintiff's constitutional rights.

Consequently, the court recommends that defendant Tennis be dismissed from this action. *See Brooks v. Beard*, 167 Fed. Appx. 923, 925 (3d Cir. 2006)(holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct)*; Alexander v. Fritch*, No. 07-1732, 2010 U.S. Dist. LEXIS 28905, at *46 (W.D. Pa. Mar. 26, 2010) ("Plaintiff cannot impose liability against any of the Defendants based solely on his or her involvement with his correspondence, grievances and misconducts as such conduct is insufficient to establish personal involvement as required under 42 U.S.C. §1983.").

### 3. Defendant Williams

Defendant Williams also seeks that the complaint be dismissed against him because the allegations in the complaint do not indicate that he violated plaintiff's constitutional rights. The court agrees. In the complaint, plaintiff alleges that defendant Williams (1) failed to answer his written requests for medical care, and (2) responded unfavorably to his grievances, *i.e.* he ignored the violations of his constitutional rights. These allegations do not show the requisite personal involvement on the part of defendant Williams to give rise

to §1983 liability. *See Brooks*, 167 Fed. Appx. at 925*; Alexander*, 2010 U.S. Dist. LEXIS 28905, at *46. Consequently, the court recommends that defendant Williams be dismissed from this action.

### D. Eighth Amendment Claims

Plaintiff claims he was denied proper medical care in violation of the Eighth and Fourteenth Amendments. However, a prisoner's claim for deliberate indifference to a serious medical need is scrutinized under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97 (1976). In order to establish an Eighth Amendment claim based upon allegations of denial of proper medical care, an inmate must demonstrate a deliberate indifference to a serious medical need. *Id.* This standard requires both deliberate indifference on the part of the prison officials and a serious medical need on the part of the prisoner. *See West v. Keve*, 571 F.2d 158 (3d Cir. 1978).

A deliberate action is one which is intentional, requiring the actor to have knowledge of the events attributed to the injury and the ability to control the outcome. "To establish a constitutional violation, the indifference must be deliberate and the actions intentional." *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1081 (3d Cir. 1976). A mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or

treatment which the inmate receives, does not support an Eighth Amendment claim. *Farmer v. Carlson*, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988). *See McCracken v. Jones*, 562 F.2d 22, 24 (10th Cir. 1977); *Smart v. Villar*, 547 F.2d 112, 113 (10th Cir. 1976). A medical need is "serious" where it has been diagnosed by a physician as mandating treatment, or if it is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (U.S. Mass. June 3, 1991) (No. 90-7632)(citing *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326 (3d Cir. 1987)).

Further, where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, the federal courts are generally reluctant to second guess medical judgment and to constitutionalize claims which sound in state tort law. *See Ellison v. Scheipe*, 570 F.Supp. 1361, 1363 (E.D. Pa. 1983); *Inmates of Allegheny Jail v. Pierce*, 612 F.2d 754,762 (3d Cir. 1979); *See also Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). The key question is whether the defendant has provided the plaintiff with some type of treatment, regardless of whether it is what the plaintiff desired. *Farmer*, 685 F. Supp. at 1339.

15

The Parole Defendants and defendants Foose, Symons, Pensiero, Thompson and Senko argue that the complaint should be dismissed against them because plaintiff has failed to allege facts that indicate they acted with deliberate indifference. For the reasons set forth below, the court agrees. The court further notes that even if the plaintiff had alleged facts that would support a finding of deliberate indifference, the court will still recommend these defendants be dismissed from this action because plaintiff has failed to identify any serious medical need. As such, his failure to identify his serious medical need provides an alternative reason for recommending plaintiff's Eighth Amendment claims be dismissed. *See West*, 571 F.2d 158.

      1.    Defendant Foose

Defendant Foose is a registered nurse supervisor at SCI-Rockview. The only allegations that plaintiff has made with respect to defendant Foose are for the denial of medical care, deliberate indifference to a need, threats, lies to cover up medically incorrect actions, and false co-pay charges for no medical care. Defendant Foose argues that these allegations do not amount to deliberate indifference, and therefore plaintiff's Eighth Amendment claims against her should be dismissed. The court agrees.

The court finds that plaintiff's allegations with respect to defendant

Foose are simply labels, conclusions, and formulaic recitations of the elements of a cause of action for an Eighth Amendment denial of medical care claim, which is insufficient to withstand a motion to dismiss. *See Phillips v. County of Allegheny*, 515 F.3d at 231)(quoting *Twombly*, 127 S. Ct. at 1964-65). *See also Estelle*, 429 U.S. 97 (to prevail on an Eighth Amendment claim based upon allegations of *denial of proper medical care*, an inmate must demonstrate a *deliberate indifference to a serious medical need*)(emphasis added). Plaintiff's allegations are merely a list of short phrases which do not indicate how defendant Foose was personally involved in the denial of his request for medical assistance. Moreover, plaintiff also fails to allege that he had a serious medical need[7], or that defendant Foose even knew that plaintiff had a serious medical need.

In addition, to the extent plaintiff may have intended that the court find the alleged threats, false co-pay charges and lies to cover up medically incorrect actions, demonstrate deliberate indifference, this fares no better for plaintiff. With respect to the alleged "threats," the court construes this allegation as a conclusion because plaintiff does not state what the alleged

---

[7] As stated above, plaintiff simply alleges that defendant Foose was deliberately indifferent to his "need."

threats were or when they were made. In addition, plaintiff does not allege how or if these alleged threats impacted his medical care. As such, this allegation cannot withstand a motion to dismiss, and moreover, threats alone do not amount to a constitutional violation of an inmate's rights. *See Phillips v. County of Allegheny*, 515 F.3d at 231)(quoting *Twombly*, 127 S. Ct. at 1964-65). *See Maclean v. Secor*, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995)(noting it is well established that verbal harassment or threats do not state a constitutional claim)(collecting cases). With respect to the alleged false co-pay charges, this too, does not amount to a denial of medical care in violation of plaintiff's Eighth Amendment rights. The Third Circuit has held that co-pay policies requiring inmates to pay for medical services do not violate the Eighth Amendment as long as they do not interfere or impede with the timely and effective treatment of serious medical needs. *See Reynolds v. Wagner*, 128 F.3d 166, 173-82 (3d Cir. 1997). Here, plaintiff has not alleged that he was denied medical treatment because he could not afford to pay for medical services, rather it appears he alleges he was unfairly charged when he did not receive medical care, or the medical care he desired. *See Duran v. Merline*, No. 07-3589, 2008 U.S. Dist. LEXIS 18973, at *23-24 (D.N.J. Mar. 11, 2008). Finally, to the extent plaintiff takes issue with the defendant's alleged lies to

cover up "medically incorrect action[8]," this too, does not support a finding of deliberate indifference. Plaintiff fails to state what the lies or medically incorrect actions were, and how this impacted his medical care. Furthermore, the court construes this allegation as plaintiff alleging that defendant Foose filed false medical reports, and/or that he disagreed with her course of treatment. Regardless, either of these theories does not establish a denial of medical care claim in violation of the Eighth Amendment. *See Moore v. Casselberry*, 584 F. Supp. 2d 580, 582 (S.D.N.Y. 2008) (the conclusory statement that the defendant nurse filed of an incomplete or false medical report does not state a federal constitutional violation)(collecting cases). *See also Farmer*, 685 F. Supp. at 1339 (a mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives, does not support an Eighth Amendment claim). Thus, none of plaintiff's allegations indicate defendant Foose knew of plaintiff's serious medical need and refused to provide him with medical care, delayed treatment for a non-medical reason, or prevented him from receiving needed medical care. *See Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

---

[8] It is unclear what plaintiff means by medically incorrect action. However, this statement appears to imply that plaintiff was treated by defendant Foose and that he disagreed with that treatment.

Consequently, the court recommends that defendant Foose be dismissed from this action.

### 2. Defendant Symons

Plaintiff alleges that defendant Symons denied him medical care, showed deliberate indifference to a medical need, lied, fabricated records, gave false information to specialists, provided the wrong x-rays to fabricate false reports to the court, engaged in cruel punishment, interfered with medical orders, and plotted with the Parole Defendants to make him sign illegal documents. Plaintiff fails to provide any additional factual support for these "bare bones" allegations and clear conclusory statements. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(conclusory or "bare-bones" allegations are not sufficient to survive a motion to dismiss).

First, the court finds that plaintiff's allegations that defendant Symons denied him medical care, showed deliberate indifference to a medical need, interfered with medical orders, and engaged in cruel punishment, are merely assertions that amount to labels, conclusions and formulaic recitations of the elements of an Eighth Amendment claim. *See* U.S. Const. amend. VIII. *See also Estelle*, 429 U.S. at 104-05 (for plaintiff to establish an Eighth Amendment violation, he must establish that defendants acted with *deliberate*

*indifference* to his *serious medical need*, and deliberate indifference may be established if plaintiff shows that a prison official intentionally interfered with the treatment once prescribed)(emphasis added). As such, these statements which simply recite the elements of an Eighth Amendment claim are insufficient to survive a motion to dismiss. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). Second, with respect to the alleged lies and fabrications on the part of defendant Symons, these too, do not amount to a constitutional violation. Moreover, plaintiff's scant allegations with respect to the alleged fabrications cannot support a finding of deliberate indifference. *See Moore v. Casselberry*, 584 F. Supp. 2d 580, 582 (S.D.N.Y. 2008). Plaintiff has failed to state what the fabricated statements or reports were, and how, if at all, the alleged fabrications impacted his medical treatment. Likewise, to the extent plaintiff may be alleging the falsification of records, these allegations without further factual support, also do not support a finding of deliberate indifference. *See Oliver v. Haddock*, No. 08-4608, 2009 U.S. Dist. LEXIS 112126, at *16 (S.D.N.Y. Dec. 3, 2009)(finding the allegedly false entry in plaintiff's medical record was insufficient to show the defendant acted with deliberate indifference to plaintiff's medical needs). Third, to the extent plaintiff alleges that defendant Symons plotted with the

Parole Defendants to make him sign illegal documents, the court, again, cannot find that this allegation supports a finding of deliberate indifference. Plaintiff fails to state what the alleged illegal documents were, when he signed them, and how, if at all, these documents impacted his medical care. Finally, assuming *arguendo* that plaintiff did establish deliberate indifference on the part of defendant Symons, the court would still recommend plaintiff's Eighth Amendment claim be dismissed because plaintiff alleges deliberate indifference to a medical need, and *not* a serious medical need.[9] *See Estelle, 429 U.S. at 104-05*.

> 3.      Defendants Thompson, Senko and Pensiero

Plaintiff states that defendants Thompson, Senko and Pensiero are all employees, in the medical department, at SCI-Rockview.

With respect to defendant Senko, besides indicating that she was a

---

[9] Furthermore, plaintiff seeks injunctive relief, in particular, that defendant Symons stop ordering therapy and stop lying to the surgeons. As such, despite plaintiff's insufficient factual allegations, his request for injunctive relief indicates that plaintiff has received medical treatment from defendant Symons, and that he simply disagrees with that course of treatment. However, plaintiff's mere disagreement with the treatment he received does not rise to the level of a constitutional violation of the Eighth Amendment. *Farmer v. Carlson, supra, 685 F. Supp. at 1339*.

physician's assistant at SCI-Rockview, plaintiff has failed to set forth any personal allegations of wrong doing against her. As such, defendant Senko must be dismissed from this action. *See Rhode*, 845 F.2d at 1207.

With respect to defendant Pensiero, the plaintiff alleges that she verbally harassed and threatened him. Plaintiff fails to state how the alleged threats and verbal harassment impacted his medical care, if at all. As such, the court cannot find that plaintiff's allegations support a finding that defendant Pensiero violated plaintiff's Eighth Amendment rights. Moreover, verbal harassment and threats do not amount to a constitutional violation. *See Maclean v. Secor*, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995)(noting it is well established that verbal harassment or threats do not state a constitutional claim)(collecting cases).

With respect to defendant Thompson, plaintiff alleges he repeatedly took him off antibiotics which he should not have done, gave the wrong x-rays to a neurologist to cover up plaintiff's injuries, and both threatened and verbally harassed him. First, to the extent plaintiff complains that defendant Thompson stopped medications, this appears to be a disagreement as to the course of treatment, which does not amount to a violation of plaintiff's Eighth Amendment rights. *See Farmer*, 685 F. Supp. at 1339 (the key question is

23

whether the defendant has provided the plaintiff with some type of treatment, regardless of whether it is what the plaintiff desired). Moreover, plaintiff has attached to his complaint an inmate grievance response that states plaintiff has been treated appropriately by defendant Thompson, and that he was appropriately prescribing antibiotics, but that plaintiff continues to challenge his decisions. Second, with respect to defendant Thompson giving incorrect x-rays to a neurologist to cover up plaintiff's injuries, the court cannot find this statement supports a finding of deliberate indifference. Plaintiff has failed to provide any additional factual support for this allegation. For instance, he does not state which x-rays were supposed to be given to the neurologist, what the wrong x-rays depicted, how the alleged wrong x-rays impacted his medical care or that he was denied medical care as a result. Finally, to the extent plaintiff alleges he was threatened or verbally harassed by defendant Thompson, as explained above, this alone, does not support a finding of deliberate indifference, nor does it give rise to a constitutional violation. *See Maclean*, 876 F. Supp. at 698-99.

Consequently, the court recommends that defendants Thompson,

Senko and Pensiero be dismissed from this action.[10]

        4.     Parole Defendants

The Parole Defendants argue they should be dismissed from this action because (1) plaintiff has failed to allege facts sufficient to support a claim of deliberate indifference against them, and (2) the amended complaint does not contain anything that can support the conclusion that any employee of the Pennsylvania Board of Probation and Parole has or had any responsibilities regarding medical care in a state correctional institution or the ability to control or influence medical care provided to inmates. The court agrees. A review of the complaint indicates that plaintiff has failed to make any allegations with respect to the Parole Defendants and deliberate indifference to the medical care he was receiving, thereby warranting the Parole Defendants' dismissal from this action.

In addition, non-medical prison personnel are generally not liable under §1983 for medical mis- or nontreatment once a prisoner is under the care of

---

[10] The court notes that defendants also argue they should be dismissed from this action because the plaintiff failed to serve them. As explained in a previous order, this argument lacks merit. *See* (Doc. No. 216).

medical personnel[11]. *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) (non-medical personnel are "justified in believing that the prisoner is in capable hands" because they are not responsible for medical treatment)(citing *Durmer v. O'Carroll*, 991 F.2d 64 (3d Cir. 1993)). However, they may be liable if they had "a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." *Id.* Here, the allegations in plaintiff's complaint indicate that he was receiving treatment from SCI-Rockview's medical personnel, and that he was dissatisfied with the treatment he was receiving.[12] Moreover, plaintiff has not alleged any facts which would support a finding that the Parole Defendants could have had a reason to believe, or that they possessed actual knowledge, that SCI-Rockview's medical personnel was mistreating the plaintiff. Consequently, the court recommends that the Parole Defendants be dismissed from this action.

---

[11] They are, however, liable for "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)(internal citations omitted). The plaintiff has alleged no facts indicating that the non-medical defendants prevented him from receiving medical treatment or interfered with that treatment. He claims only that the treatment he received was improper or insufficient.

[12] Throughout the complaint and attached exhibits, plaintiff discusses treatment plans that he disagrees with, *i.e.* "meds for chronic pain don't work". (Doc. No. 74 at 6).

### D. False Imprisonment Claim

Plaintiff alleges a cause of action under Pennsylvania law, namely false imprisonment, against defendant Dale. As the court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a), the court will consider this state law claim below.

Defendant Dale argues that plaintiff's false imprisonment claim is barred by sovereign immunity. The doctrine of sovereign immunity bars damage claims for state law torts against "the Commonwealth, and its officials and employees acting within the scope of their duties." 1 Pa. Const. Stat. Ann. §2310. The statute further provides that such parties "shall continue to enjoy sovereign immunity and official immunity . . . unless the General Assembly shall specifically waive immunity," except for several narrow enumerated exceptions. 1 Pa. Const. Stat. Ann. § 2310; *McGrath v. Johnson*, 67 F. Supp. 2d 499, 511 (E.D.Pa.1999). The Pennsylvania General Assembly has only made sovereign immunity inapplicable in certain prescribed circumstances. *See* 42 Pa. Const. Stat. Ann. § 8522(b). The nine exceptions set forth in 42 Pa. Const. Stat. Ann. § 8522 relate to: (1) Vehicle liability; (2) Medical-professional liability; (3) Care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) Potholes and other

dangerous conditions; (6) Care, custody or control of animals; (7) Liquor store sales; (8) National Guard activities; and (9) Toxoids and vaccines. These nine exceptions to the rule of immunity provided for in the Code must arise out of negligent acts. *Id.* Thus, when an employee of a Commonwealth agency is acting within the scope of his or her duties, the Commonwealth employee is protected by sovereign immunity from the imposition of liability for intentional torts. *See Story v. Mechling*, 214 Fed. Appx. 161,163 (3d Cir. 2007) (citing *La Frankie v. Miklich*, 618 A.2d 1145, 1148 (Pa. Commw. Ct. 1992) .

Defendant Dale argues that plaintiff's false imprisonment claim is barred by sovereign immunity because it is an intentional tort alleged to have been committed within the scope of his employment. The court agrees. Plaintiff alleges that defendant Dale, acting as Lieutenant at SCI-Rockview, locked him up because he did not remember what happened to him after the April 27, 2008 incident. Because the complaint clearly supports the conclusion that defendant Dale was acting within the scope of his employment when the alleged intentional tort, false imprisonment, was committed, he is immune from liability on this state law cause of action. *See Story*, 214 Fed. Appx. at 163 (finding a Corrections Officer acting within the scope of his duties could not be held liable for damages arising out of an intentional tort); *Ginter v.*

*Skahill*, No. 04-2444, 2006 U.S. Dist. LEXIS 77038, at *39 (E.D. Pa. Oct. 17, 2006)(finding Pennsylvania state law claim of false imprisonment was barred by sovereign immunity). In addition, the alleged false imprisonment of plaintiff does not fall within one of the statutory exceptions to sovereign immunity under Pennsylvania law. *See* 42 Pa. Const. Stat. Ann. §8522(b). Consequently, the court recommends that defendant Dale be dismissed from this action.

### E.    Remaining Defendants

The Corrections Defendants' motion to dismiss fails to address why defendants Eaton, Vance, Wagner and Boone should be dismissed from this action. At best, it appears that these defendants argue, along with the remainder of the Corrections Defendants, that plaintiff's second amended complaint be dismissed because it fails to comply with the Federal Rules of Civil Procedure as well as this court's prior order dated July 31, 2009, (Doc. No. 48). As explained above, the court declines to recommend dismissing the plaintiff's second amended complaint on that basis.

However, as explained below, because the court finds plaintiff fails to state a claim against defendants Eaton, Vance, and Boone, the court will

recommend dismissing these defendants from this action.[13]

### 1.    Defendant Boone

A review of the second amended complaint reveals that plaintiff has failed to set forth sufficient personal allegations of wrongdoing against defendant Boone. Therefore, the court recommends that defendant Boone be dismissed from this action. *See Rhode*, 845 F.2d at 1207.

### 2.    Defendant Vance

Plaintiff has alleged that defendant Vance (1) committed perjury to cover up for Captain Eaton, (2) told plaintiff that his legal mail could be opened outside of his presence[14], (3) gave false reports to the superintendent regarding plaintiff's legal mail, and (4) covered up Mr. Boone's, the mail room supervisor's, illegal activities. (Doc. No. 74 at 12). First, with respect to the alleged statement by defendant Vance regarding the opening of his legal mail,

---

[13] When a court reviews a complaint under §1915(e) and under §1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tucker v. Angelone*, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'").

[14] Plaintiff does not state that it was defendant Vance who opened his legal mail.

the court finds that plaintiff does not allege defendant Vance personally violated his rights by opening his legal mail. Rather, he appears to complain that his mail was opened outside of his presence, and that defendant Vance told him it was permissible. This allegation is insufficient to give rise to liability under §1983. *See Martin v. Ulisny*, No. 09-3967, 2010 U.S. Dist. LEXIS 16057, at *8-11 (E.D. Pa. Feb. 23, 2010). Second, with respect to the alleged false report to the superintendent, it appears that plaintiff takes issue with the grievance procedure. As such, this allegation cannot give rise to a constitutional violation. *See Rivera v. Pa. Dep't of Corr.*, 346 Fed. Appx. 749, 751 (3d Cir. 2009). Third, with respect to the remaining allegations, namely regarding the "cover up" and perjury, the court finds that plaintiff has likewise failed to state a claim. Plaintiff does not clarify *what* defendant Vance said, *when* he said it, and to *whom* he said it. As such, the court finds that plaintiff has failed to state sufficient factual allegations to survive a motion to dismiss. *See Fowler*, 578 F.3d at 210 (conclusory or "bare-bones" allegations are not sufficient to survive a motion to dismiss). *See also Purveegiin v. Gonzales*, Civ. A. No. 3:07-1020, 2007 WL 4081393, at *3 (M.D. Pa. Nov. 15, 2007) (Vanaskie, J.) (complaint in Section 1983 action subject to dismissal for failure to make specific allegations of time and place).

Consequently, the court recommends defendant Vance be dismissed from this action.

### 3. Defendant Eaton

Plaintiff alleges that defendant Eaton (1) failed to protect him from the alleged beating by the inmates, (2) gave illegal documents to the parole agents to force him via threats to sign, (3) gave false reports to the superintendent, (4) threatened him, and (5) lied and covered up for the medical department and parole agents.

The court finds that plaintiff has failed to state a claim against defendant Eaton. First, the court finds that threats, alone, do not give rise to a constitutional violation. *See Maclean*, 876 F. Supp. at 698-99. As such, this claim must be dismissed as plaintiff merely states defendant Eaton threatened him. Second, the court finds plaintiff's allegations that defendant Eaton gave false reports to the superintendent, again, appear to be plaintiff taking issue with the grievance procedure at SCI-Rockview. As explained above, this does not give rise to a constitutional violation. *See Rivera*, 346 Fed. Appx. at 751. Third, with respect to the lying and covering up for the medical department and parole agents, without any additional factual support, the court cannot find that plaintiff has stated a claim. Again, plaintiff does not

state *what* defendant Eaton said, *when* he said it, and to *whom* he said it. As such, the court finds that plaintiff has failed to state sufficient factual allegations to survive a motion to dismiss. *See Fowler*, 578 F.3d at 210 (conclusory or "bare-bones" allegations are not sufficient to survive a motion to dismiss). *See also Purveegiin*, 2007 WL 4081393, at *3. Fourth, with respect to the allegations that defendant Eaton gave illegal documents to the parole agents to force plaintiff to sign, the court cannot find the necessary personal involvement on the part of defendant Eaton to give rise to §1983 liability. Plaintiff alleges that unidentified parole agents forced him to sign illegal documents, not defendant Eaton. *See Iqbal*, 129 S. Ct. at 1948.[15] Finally, the court finds that plaintiff's allegation that defendant Eaton failed to protect him from the beating, in violation of the Eighth Amendment, is insufficient to withstand a motion to dismiss. Plaintiff fails to allege any factual support whatsoever in relation to this claim. *Phillips, supra*, 515 F.3d at 231. *See also Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("[a] prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment.").

---

[15] As such, to the extent plaintiff may be seeking to impose liability on defendant Eaton pursuant to a vicarious liability theory, vicarious liability is inapplicable in a §1983 action. *See id.*

As such, the court recommends that defendant Eaton be dismissed from this action.

### 4. Defendant Wagner

Plaintiff alleges that defendant Wagner "pass[ed] false information to inmates that [he is] a snitch for Department of Corrections" and as a result he was beat up by inmates and threatened to be killed. (Doc. No. 74 at 12). In this instance, the court finds that plaintiff has stated a claim minimally sufficient to survive under the Eighth and Fourteenth Amendments. *See Shockley v. McCarty*, 677 F. Supp. 2d 741, 746-47 (D. Del. 2009) (declining to dismiss plaintiffs's Eighth and Fourteenth Amendment claims when plaintiff alleged defendant told other inmates he was a snitch) (collecting cases). Consequently, the court recommends the plaintiff's claims against defendant Wagner to proceed as they are presently unopposed.

## IV. RECOMMENDATION[16]

For the reasons elaborated above, **IT IS RECOMMENDED THAT**:

---

[16] For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.

**(1)** The Parole Defendants' motion to dismiss, (Doc. No. 88), be **GRANTED**;

**(2)** Defendant Symons' motion to dismiss, (Doc. No. 99), be **GRANTED;**

**(3)** Defendant Sucigell's motion to dismiss, (Doc. No. 209), be **GRANTED**;

**(4)** Defendants Thompson, Senko and Pensiero's motion to dismiss, (Doc. No. 213), be **GRANTED**; and

**(5)** The Corrections Defendants' motion to dismiss, (Doc. No. 101), be **GRANTED** in part and **DENIED** in part, specifically dismissing all claims against the Corrections Defendants except:

(a) Defendant Wagner on Eighth and Fourteenth Amendment claims set forth in paragraph 4 on page 12.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATE:** May 20, 2010

O:\shared\REPORTS\2009 Reports\09-0888-01.wpd

35