IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ORLANDO CORTES RIVERA,** | : | CIVIL NO. 1:CV-09-0888 |
| Plaintiff | : | |
| v. | : | (Judge Rambo) |
| | : | (Magistrate Judge Mannion) |
| **FRANKLIN J. TENNIS,** *et al.*, | : | |
| Defendant | : | |

# MEMORANDUM

Before the court is a report and recommendation of the magistrate judge to whom this matter was referred. Pending before the magistrate judge were five separate motions to dismiss: (1) a motion filed by defendants comprised of employees of the Pennsylvania Board of Probation and Parole ("Board of Probation and Parole"); (2) a motion filed by defendant Symons; (3) a motion filed by defendants Tennis, Eaton, Dale, Vance, Wagner, Foose, Williams, Italia, Kotzur, Myers, Boone, Koehle, Oliver, Rocca and Kuln ("Corrections Defendants"); (4) a motion filed by defendant Sucigell; and (5) a motion filed by defendants Thompson, Senko and Pensiero.

The magistrate judge recommended that defendants Sucigell, Italia, Kotzur, Myers, Oliver, Koehle, Rocca, and Kuhn be dismissed because the plaintiff did not set forth any personal allegations of wrongdoing against these defendants. A viable section 1983 claim requires allegations of personal involvement. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

The magistrate judge recommended that defendants Tennis and Williams be dismissed because liability cannot be imposed on prison officials who responded inappropriately or failed to respond to prison grievances. *Brooks v. Beard*, 167 Fed. Appx. 923, 925 (3d Cir. 2006).

The magistrate judge recommended that defendants Foose, Symons, Pensiero. Thompson, and Senko be dismissed because plaintiff failed to allege facts that indicated they acted with deliberate indifference or, in the alternative, that plaintiff failed to identify a serious medical need. *West v. Keve*, 571 F.2d 158 (3d Cir. 1978). Additionally, the magistrate judge concluded that plaintiff's basic concern with the medical defendants was mainly a dispute or a difference of opinion as to the diagnosis or type of treatment that was given. *Inmates of Allegheny Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979), *Farmer v. Carlson*, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988).

The magistrate judge recommended that Thompson, Senko, and Pensiero be dismissed. As to Senko, the complaint failed to allege any allegation of wrongdoing against her. With respect to Thompson, the complaint amounts to a disagreement as to the course of treatment which does not state a constitutional claim. The allegation that Thompson threatened or harassed plaintiff does not give rise to a constitutional violation. *Maclean v. Secor*, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995). This also applies to defendant Pensiero who is alleged to have made threats or verbal harassment.

The Board of Probation and Parole defendants, Burke, Zelnick and Ishler, are to be dismissed because the complaint does not show that these employees

2

had any responsibilities regarding medical care over plaintiff who was (is) under the care of prison medical personnel. *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

As to defendant Dale, plaintiff has alleged a state cause of action against him of false imprisonment. The magistrate judge recommended that he be dismissed as this claim is barred by the doctrine of sovereign immunity and the actions of this defendant do not fit within the enumerated exceptions of immunity set forth in 42 Pa. Cons. Stat. Ann. § 8522(b).

The magistrate judge further recommended that the claims against defendant Eaton, Vance, and Boone for plaintiff's failure to state a claim as to them. As to defendant Wagner, the magistrate judge recommends that plaintiff has minimally stated a claim under the Eighth and Fourteenth Amendments and recommends this action proceed as to Wagner.

On June 4, 2010, plaintiff filed a document entitled "Motion to Stop the Order to Dismiss Complaint." This will be deemed to be objections to the report and recommendation. These objections, however, are a reiteration of the claims in the complaint and do not show how the magistrate judge incorrectly cited or applied the law in his report and recommendation.

This court will adopt the report and recommendation. An appropriate order will be issued.

                                              s/Sylvia H. Rambo
                                             United States District Judge

Dated: July 19, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**ORLANDO CORTES RIVERA,** : CIVIL NO. 1:CV-09-0888
: 
**Plaintiff** : 
: **(Judge Rambo)**
**v.** : 
: **(Magistrate Judge Mannion)**
**FRANKLIN J. TENNIS,** *et al.,* : 
: 
**Defendant** : 

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The court adopts the report and recommendation of Magistrate Judge Mannion (doc. 223).

2) The Board of Probation and Parole Defendants' motion to dismiss (doc. 88) is **GRANTED**.

3) Defendant Symons' motion to dismiss (doc. 99) is **GRANTED**.

4) Defendant Sucigell's motion to dismiss (doc. 208) is **GRANTED**.

5) Defendants Thompson Senko and Pensiero's motion to dismiss (doc. 213) is **GRANTED**.

6) The Corrections Defendants' motion to dismiss (doc. 101) is **GRANTED IN PART AND DENIED IN PART;** specifically, all claims against the Corrections Defendants are denied except the Eighth and Fourteenth Amendment claims against Defendant Wagner, set forth in paragraph 4 on page 12 of the amended complaint.

1

7) Plaintiff's motion for appointment of counsel (doc. 225) is **DENIED** at this time.

8) This matter is remanded to Magistrate Judge Mannion for further proceedings.

                                                s/Sylvia H. Rambo
                                                United States District Judge

Dated: July 19, 2010.