UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ORLANDO CORTES RIVERA,** | : | |
| **Plaintiff,** | : | CIVIL ACTION NO. 1:09-0888 |
| v. | : | (RAMBO, D.J.) |
| | | (MANNION, M.J.) |
| **FRANKLIN J. TENNIS,** *et al.,* | : | |
| **Defendants.** | : | |

### REPORT AND RECOMMENDATION[1]

Pending before the court is defendant Wagner's motion for summary judgment. (Doc. No. 250). For the reasons set forth below, the court recommends that the defendant's motion be **GRANTED.**

**I.   BACKGROUND[2]**

By way of relevant background, defendant Wagner is the only remaining defendant in this action. With respect to defendant Wagner, the plaintiff alleges that he "pass[ed] false information to inmates that [plaintiff is] a snitch

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

[2] Because the facts and procedural history have been recounted in greater detail in a earlier report and recommendation, and memorandum, it will not be repeated here. (Doc. No. 223); (Doc. No. 236).

for Department of Corrections" and as a result he was beaten up by inmates and threatened to be killed. (Doc. No. 74 at 12). As such, the plaintiff claims that defendant Wagner violated his Eighth and Fourteenth Amendment rights. *Id.*

On November 10, 2010, defendant Wagner filed a motion for summary judgment that was accompanied by a brief in support, statement of material facts, and an appendix. (Doc. No.'s 250, 251, 252, & 253). As of the date of this Report and Recommendation, the plaintiff has failed to oppose the defendant's motion.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate if the "pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome

of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Aetna Cas. & Sur. Co. v. Ericksen*, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *see also Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003); *see also Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show

3

sufficient evidence to support a jury verdict in its favor. *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322-23; *Jakimas v. Hoffman-La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007).[3]

## III.  LEGAL ANALYSIS

Defendant Wagner argues that plaintiff's claims against him should be dismissed because the plaintiff has failed to exhaust his administrative remedies. For the reasons set forth below, the court agrees.

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L. No. 104-134,

---

[3] If the non-moving party has the burden of proof at trial, the party moving for summary judgment is not required to "support its motion with affidavits or other similar material *negating* the opponent's claim," *Celotex*, 477 U.S. at 323, in order to discharge this "initial responsibility." In this situation, the movant "'show[s]'--that is, point[s] out to the district court--that there is an absence of evidence to support the non-moving party's case." *Id.* at 325.

4

110 Stat. 1321 (1996) requires a prisoner to present his claims through an administrative grievance process before seeking redress in federal court. The Act specifically provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). Pursuant to DC-ADM 804, the policy statement which sets forth the various steps to be taken by a state prisoner in exhausting his administrative remedies, the plaintiff would first be required to attempt to resolve his complaint informally. *See* DC-ADM 804, *available at* http://www.cor.state.pa.us. If his complaint could not be resolved informally, he would then need to file for initial review with the Facility Grievance Coordinator. *Id.* Any adverse decision from the Facility Grievance Coordinator would have to then be appealed to the Facility Manager or Superintendent. *Id.* Finally, any appeal from the decision of the Facility Manager or Superintendent would have to be filed with the Secretary's Office of Inmate Grievances and Appeals. *Id.* No appeal can be made to the Secretary's Office of Inmate Grievances and Appeals until the prisoner has complied with all procedures established for initial review and appeal to the Superintendent,

5

and no appeal is final until considered by the Secretary's Office of Inmate Grievances and Appeals. *Id.*

A prisoner does not have to allege in his complaint that he has exhausted administrative remedies. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002). Failure to exhaust available administrative remedies is an affirmative defense to be pleaded and proven by the defendants. *Id.* at 295 n.9.

A prisoner must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the grievance process. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner,* 532 U.S. 731, 741 n. 6 (2001). "[I]t is beyond the power . . . of any . . . [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." *Nyhuis v. Reno,* 204 F.3d 65, 73 (3d Cir.2000) (quoting *Beeson v. Fishkill Corr. Facility,* 28 F.Supp.2d 884, 894-95 (S.D.N.Y.1998) (citing *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)). The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." *Nyhuis,* 204 F.3d at 71.

The PLRA also mandates that an inmate "properly" exhaust administrative remedies before filing suit in federal court. *Woodford v. Ngo,*

6

548 U.S. 81 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91. Such requirements "eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Id.* at 93 (quoting *Nussle*, 534 U.S. at 525). Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. *Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d Cir. 2004).

Further, the United States Court of Appeals for the Third Circuit recently stated that "there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court." *Oriakhi v. United States*, 165 Fed. Appx. 991, 993 (3d Cir. 2006) (not precedential). In citing to a case from the United States Court of Appeals for the Eighth Circuit, *Johnson v. Jones*, 340 F.3d 624, 627-28 (8th Cir. 2003), the *Oriakhi* court found that the lower court had properly dismissed plaintiff's

complaint because his exhaustion attempt took place after he filed his *Bivens* claim. "[T]he district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred." Oriakhi, 165 Fed. Appx. at 993 (quoting *Johnson*, 340 F.3d at 627-28).

Here, defendant Wagner has submitted evidence that demonstrates the plaintiff failed to exhaust his administrative remedies prior to filing his complaint. Specifically, the defendant has submitted the declaration of Leilani Sears, a Grievance Review Officer in the Secretary's Office of Inmate Grievances and Appeals, who reviews appeals filed to final review by inmates pursuant to DC-ADM 804. *See* Sears Decl. at ¶1-2. As relevant here, Sears reviewed the grievance records involving the plaintiff, a former SCI-Rockview inmate, and found that he never properly appealed any grievances to final review in accordance with DC-ADM 804. *Id.* at ¶6-7.

The defendant has also submitted the declaration of Jeffrey Rackovan, a Corrections Superintendent's Assistant 2, who serves as a Grievance Coordinator at SCI-Rockview. Rackovan Decl. at ¶1, 3. As Grievance Coordinator, Rackovan is charged with the overall administration of the Inmate Grievance System at SCI-Rockview, and, as such, he has access to

the Department's Automated Inmate Grievance Tracking System which allows him to view all of the grievances filed by a particular inmate. *Id.* at ¶4. With respect to the plaintiff, Rackovan states that he reviewed all of the grievances that were filed by the plaintiff, and that this revealed the plaintiff never filed a grievance regarding defendant Wagner giving false information to inmates, namely that plaintiff was a snitch for the Department of Corrections. *Id.* at ¶9-10.

As a final matter, the court notes that, attached to plaintiff's second amended complaint are two "Inmate's Request to Staff Member" forms (DC-135As) addressed to Rackovan, one of which is titled Grievances about Officer Wagner and Nelson Rivera. *Id.* at ¶12. These DC-135As concerning defendant Wagner are dated August 11, 2009, and August 17, 2009. *Id.* Therefore, even if these DC-135As constituted properly filed official grievances, the court would be unable to consider them because they were not filed prior to May 11, 2009, the date the plaintiff commenced this action. *See Oriakhi*, 165 Fed. Appx. at 993.

Because the uncontroverted record indicates that the plaintiff failed to file any grievance regarding defendant Wagner telling other inmates that he was a snitch for the Department of Corrections, prior to commencing this

action, the court finds that the plaintiff has failed to exhaust his administrative remedies. Therefore, the court recommends that defendant Wagner's motion for summary judgment be granted.[4]

## IV.    RECOMMENDATION[5]

For the reasons elaborated above, **IT IS RECOMMENDED THAT**, defendant Wagner's motion for summary judgment, (Doc. No. 250), be **GRANTED.**

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATE:** May 27, 2011
O:\shared\REPORTS\2009 Reports\09-0888-02.wpd

---

[4] Because the court finds that plaintiff failed to his exhaust his administrative remedies at the time he commenced this action, the court declines to consider defendant's remaining arguments.

[5] For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.